**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CV 24 8764

UNITED STATES OF AMERICA,
*ex rel.*
DOLOS ANALYTICS, LLC, a
Delaware limited liability company,

Plaintiff,

vs.

ISLAND CONSOLIDATED, LLC, a New York limited liability company; ISLAND EXTERIOR FABRICATORS LLC, a New York limited liability company; ISLAND INTERNATIONAL ENTERPRISES LLC, a New York limited liability company; and ISLAND INTERNATIONAL EXTERIOR FABRICATORS LLC, a New York limited liability company,

Defendants.

Case No.: SEYBERT, J.
WICKS, M.J.

***QUT TAM* COMPLAINT**

**DEMAND FOR JURY TRIAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 23 2024 ★
LONG ISLAND OFFICE

Plaintiff, the United States of America ("United States"), *ex rel.* Dolos Analytics, LLC, a Delaware limited liability company ("Relator"), through its undersigned counsel, hereby files this *qui tam* Complaint against Defendants Island Consolidated, LLC, a New York limited liability company ("Island"), Island Exterior Fabricators LLC, a New York limited liability company ("Island Exterior"), Island International Enterprises LLC, a New York limited liability company, ("Island Enterprises"), and Island International Exterior Fabricators LLC, a New York limited liability company ("Island International Exteriors"), (collectively, "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This *qui tam* action alleges violations of the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.* ("FCA") arising from Defendants' fraudulent misrepresentations presented to the United States Small Business Administration ("SBA") and lender acting on the SBA's behalf, in their application to obtain and have forgiven millions of dollars in loans under the Paycheck Protection Program.

2. Defendants provide a range of architecture, engineering, and manufacturing services with over 500 employees and generate millions of dollars in annual sales.

3. Defendants are affiliated with each other and other parties because they control or have the power to control one another, or a third party or parties controls or has the power to control the Defendants and other parties.

4. Defendants deceived the SBA into lending them and forgiving over millions of dollars by knowingly misrepresenting their number of employees combined with their affiliates to con the SBA into accepting their eligibility for loans under the applicable SBA small businesses standards.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this *qui tam* action brought under the FCA, 31 U.S.C. §§ 3279, *et seq.*, pursuant to 28 U.S.C. §§1331 and 1345, and 31 U.S.C. §§ 3732(a) and 3730(b).

6. Relator is an "original source" and otherwise authorized to maintain this action in the name of the United States and as contemplated by the FCA, 31 U.S.C. §§ 3729-33. Relator has or will make all the necessary voluntary disclosures to the United States and filed all documents necessary with the United States as required by 31 U.S.C. § 3730(b)(2).

7. There has been no public disclosure of the "allegations or transactions" in this Complaint under Section 3730(e) of the FCA. The specific facts, circumstances, and allegations of Defendant's violations of the FCA have not been publicly disclosed in a civil suit or administrative civil money penalty proceeding in which the United States is already a party. Moreover, Relator is an "original source" of the allegations in this Complaint under 31 U.S.C. § 3730(e) of the FCA, even had such a public disclosure occurred.

8. The Court has personal jurisdiction over Defendants because 31 U.S.C. § 3732(a) authorizes nationwide service of process, and because Defendants have minimum contacts with the United States, can be found in, and transact or have transacted business in the Eastern District of New York. Further, the acts proscribed by 31 U.S.C. § 3729(a) and described in this Complaint occurred in the Eastern District of New York and elsewhere in the United States.

9. The Defendants are affiliated entities that do business in the Eastern District of New York and throughout the United States and that either directly or through their affiliates made or caused to be made false statements to the SBA to obtain and have forgiven millions of dollars in PPP loans, and accordingly, are subject to the jurisdiction of this Court.

10. Venue lies under 28 U.S.C. § 1391(b), (c) and 31 U.S.C. § 3732(a) because the Eastern District of New York is a district in which the Defendants can be found or transacts business, and an act proscribed by 31 U.S.C. § 3729 occurred within this district.

## PARTIES

11. Plaintiff/Relator, Dolos Analytics, LLC, a Delaware limited liability company, brings this action on behalf of the United States, the real party in interest. Relator is a team of data analytics professionals specialized in gathering data from public and private sources and developing models to identify suspicious activity in such data sets. As it pertains to this matter,

Relator gathered data related to all applicants of the SBA's Paycheck Protection Program from public and private sources and designed analytical models that identified suspicious activity related to the applicants' data. Thereafter, Relator's professional team manually reviewed the suspicious activity and identified various fraudulent statements made by Defendants to the SBA as set forth herein. Relator has direct and independent knowledge of the factual allegations contained in this *qui tam* Complaint and brings this action as an "original source," as that term is defined by the FCA.

12. Defendant Island Consolidated, LLC is a New York limited liability company with its principal place of business located at 1101 Scott Avenue, Calverton, NY 11933. Island transacts business and has extensive business contacts within Suffolk County, New York. At all times material hereto, Island directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over two million dollars in a PPP loan.

13. Defendant Island Exterior Fabricators LLC is a New York limited liability company with its principal place of business located at 1101 Scott Avenue, Calverton, NY 11933. Island Fabricators transacts business and has extensive business contacts within Suffolk County, New York. At all times material hereto, Island Exterior directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over three million dollars in a PPP loan.

14. Defendant Island International Enterprises LLC is a New York limited liability company with its principal place of business located at 1101 Scott Avenue, Calverton, NY 11933. Island Enterprises transacts business and has extensive business contacts within Suffolk County,

New York. At all times material hereto, Island Enterprises directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over four million dollars in PPP loans.

15. Defendant Island International Exterior Fabricators LLC is a New York limited liability company with its principal place of business located at 1101 Scott Avenue, Calverton, NY 11933. Island International Exterior transacts business and has extensive business contacts within Suffolk County, New York. At all times material hereto, Island International Exterior directly or indirectly through its subsidiaries and affiliates knowingly misrepresented that it was an eligible small business in its SBA PPP loan application to qualify for, receive, and ultimately have forgiven over one million dollars in a PPP loan.

## FACTUAL ALLEGATIONS

### I. The Paycheck Protection Program

16. On March 27, 2020, Congress enacted the Paycheck Protection Program ("PPP") as part of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in response to the COVID-19 crisis. Under the PPP, the SBA lent, guaranteed, and ultimately forgave hundreds of billions of dollars to businesses and other organizations.

17. The PPP enabled borrowers to rapidly obtain low-interest loans from private lenders to pay employees and certain expenses to alleviate the unprecedented challenges presented by the COVID-19 crisis.

18. Pursuant to Section 1102 of the CARES Act, the SBA guaranteed 100% of the PPP loans to incentivize private lenders across the country to participate in making such loans expeditiously.

19. Section 1106 of the CARES Act made the loans eligible for partial or full forgiveness subject to the borrower's certification that the funds were used within a specific period to maintain payroll, make rent or mortgage payments, and pay other specified business expenses.

20. To qualify for a first draw PPP loan, the borrower had to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain a PPP loan.

## II. <u>The PPP First Draw Application Process</u>

21. To expedite the distribution of funds to borrowers, the SBA authorized lenders to rely on the borrowers' certifications regarding their eligibility for the loan, loan amount, use of funds, supporting documentation, and eligibility for loan forgiveness.

22. The SBA delegated authority to private lenders to underwrite and approve the PPP loans. To obtain a PPP first draw loan, an eligible business had to complete and submit a PPP first draw loan application compliant with SBA Form 2483 online through its private lender's platform. The PPP first draw loan application required the borrower to certify its eligibility to obtain the PPP loan, including, *inter alia*, that the borrower, combined with its affiliates, had, i.) 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates (if applicable), or iii.) met the SBA's alternative size standard.

a. The SBA's industry size standards are generally stated in number of employees or average annual receipts, represents the largest size that a business (including its subsidiaries and affiliates) may be to remain classified as a small business for SBA programs.[1]

[1] SBA Table of Small Business Size Standards (available at: https://data.sba.gov/dataset/c17e8870-fa85-48a4-8887-9a51b7503711/resource/d89a5f17-ab8e-4698-9031-dfeb34d0a773/download/sba-table-of-size-standards_effective-august-19-2019_v0.xlsx).

b. The SBA's alternative size standard provides that a business can qualify for a PPP loan as a small business if as of March 27, 2020, it (1) had a maximum tangible net worth of not more than $15 million, and (2) had an average net income after Federal income taxes (excluding any carry-over losses) of not more than $5 million for the last two fiscal years before the date of the application.

23. Once the borrower submitted its PPP first draw loan application to a private lender, the lender processed the PPP first draw loan application. If the lender approved the borrower's application, the lender submitted its own application compliant with SBA Form 2484 to the SBA certifying that the borrower certified its eligibility to receive a PPP first draw loan. Upon receipt of the lender's application the SBA approved and guaranteed the loan and assigned it a loan number.

24. Upon receipt of the SBA's guarantee, the lender disbursed the loan to the borrower using its own funds and notified the SBA that the loan was disbursed. Upon receipt of that notification, the SBA paid the lender a processing fee.

## III. The PPP Second Draw Application Process

25. On December 21, 2020, Congress approved additional funds to replenish the PPP and allow Borrowers to apply for second draw loans. As with the PPP first draw loans, Borrowers were able to rapidly obtain low-interest forgivable loans from private lenders to pay for specified business expenses.

26. Congress modified certain eligibility requirements for the PPP second draw loans. Specifically relevant here, to qualify for a PPP second draw loan, the borrower, combined with its affiliates, must, *inter alia*, have 300 or fewer employees, save for limited exceptions not applicable here.

27. As with the first draw loans, the SBA delegated authority to private lenders to underwrite and approve the PPP second draw loans. Borrowers had to complete and submit a PPP second draw loan application compliant with SBA Form 2483-SD online through its private lender's platform. The PPP loan application required the business to acknowledge the PPP program rules and certify its eligibility to obtain the PPP loan, including, amongst other things, that it had 300 or fewer employees.

28. Once the Borrower submitted its PPP second draw loan application to a private lender, the lender processed the application and if approved, the lender submitted its own application compliant with SBA Form 2484-SD to the SBA certifying that the borrower certified its eligibility to receive a PPP second draw loan. Upon receipt of the lender's application the SBA approved and guaranteed the loan and assigned it a loan number.

29. Upon receipt of the SBA's guarantee, the lender disbursed the loan to the borrower using its own funds and notified SBA that the loan was fully disbursed. Upon receipt of that notification, SBA paid the lender a processing fee.

## IV. <u>The PPP Loan Forgiveness Application</u>

30. Borrowers were eligible to apply for forgiveness of the funds borrowed and spent on specified business expenses during the eight to twenty-four week covered period following each loan disbursement.

31. Borrowers could apply for loan forgiveness at any time before the loan's maturity date by completing and submitting SBA Form 3508, or one of its variations depending on circumstances. Pursuant to SBA Form 3508, borrowers were required to certify that they were eligible for loan forgiveness. Once the SBA approved the forgiveness application, or a portion

thereof, it would remit the forgiveness amount to the lender and the borrower would be released from its obligations under the loan.

## V. Island's First Draw Fraudulent PPP Loan Application and Forgiveness Application

32. Island submitted a PPP loan application compliant with SBA Form 2483 to Bank of America National Association ("Bank of America") falsely certifying its eligibility to receive a PPP loan. Island certified that it had 148 employees. Island falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

33. Bank of America processed and approved Island's PPP application in the amount of $2,469,552.00. Relying on Island's certifications, Bank of America submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Island had certified that it was eligible to receive said PPP loan.

34. On or about April 28, 2020, and relying on Island's false certification, the SBA approved and guaranteed the PPP loan and issued Island's loan number 1756227300. Bank of America disbursed the PPP loan to Island and notified the SBA of such disbursement, at which point the SBA paid Bank of America a processing fee.

35. Island applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about September 13, 2021, Island's PPP loan, plus accrued interest, was forgiven in the amount of $2,503,178.50.

## VI. Island Exterior's First Draw Fraudulent PPP Loan Application and Forgiveness Application

36. Island Exterior submitted a PPP loan application compliant with SBA Form 2483 to Bank of America falsely certifying its eligibility to receive a PPP loan. Island Exterior certified that it had 298 employees. Island Exterior falsely certified that combined with its affiliates, it i.)

had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

37. Bank of America processed and approved Island Exterior's PPP application in the amount of $3,884,130.00. Relying on Island Exterior's certifications, Bank of America submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Island Exterior had certified that it was eligible to receive said PPP loan.

38. On or about May 1, 2020, and relying on Island Exterior's false certification, the SBA approved and guaranteed the PPP loan and issued Island Exterior's loan number 5564207701. Bank of America disbursed the PPP loan to Island Exterior and notified the SBA of such disbursement, at which point the SBA paid Bank of America a processing fee.

39. Island Exterior applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about September 27, 2021, Island Exterior's PPP loan, plus accrued interest, was forgiven in the amount of $3,938,294.99.

## VII. Island Enterprises' First and Second Draw Fraudulent PPP Loan Applications and Forgiveness Applications

40. Island Enterprises submitted a PPP loan application compliant with SBA Form 2483 to Bank of America falsely certifying its eligibility to receive a PPP loan. Island Enterprises certified that it had 83 employees. Island Enterprises falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

41. Bank of America processed and approved Island Enterprises' PPP application in the amount of $2,403,909.00. Relying on Island Enterprises' certifications, Bank of America submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Island Enterprises had certified that it was eligible to receive said PPP loan.

42. On or about April 29, 2020, and relying on Island Enterprises' false certification, the SBA approved and guaranteed the PPP loan and issued Island Enterprises' loan number 2314517301. Bank of America disbursed the PPP loan to Island Enterprises and notified the SBA of such disbursement, at which point the SBA paid Bank of America a processing fee.

43. Island Enterprises submitted a PPP second draw loan application compliant with SBA Form 2483-SD to Bank of America falsely certifying its eligibility to receive a PPP loan. Island Enterprises certified that it had 274 employees. Island Enterprises falsely certified that combined with its affiliates, it had 300 or fewer employees.

44. Bank of America processed and approved Island Enterprises' PPP second draw application in the amount of $2,000,000.00. Relying on Island Enterprises' certifications, Bank of America submitted a PPP loan application compliant with SBA Form 2484-SD to the SBA certifying that Island Enterprises had certified that it was eligible to receive said PPP loan.

45. On or about March 17, 2021, and relying on Island Enterprises' false certification, the SBA approved and guaranteed the PPP loan and issued Island Enterprises' loan number 3724828609. Bank of America disbursed the PPP loan to Island Enterprises and notified the SBA of such disbursement, at which point the SBA paid Bank of America a processing fee.

46. Island Enterprises applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about November 29, 2021, Island Enterprises' PPP loan, plus accrued interest, was forgiven in the amount of $2,441,515.36.

47. Island Enterprises applied for forgiveness of its PPP second draw loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about January 5, 2023, Island Enterprises' PPP loan, plus accrued interest, was forgiven in the amount of $2,033,501.57.

## VIII. Island International Exterior's First Draw Fraudulent PPP Loan Application and Forgiveness Application

48. Island International Exterior submitted a PPP loan application compliant with SBA Form 2483 to Bank of America falsely certifying its eligibility to receive a PPP loan. Island International Exterior certified that it had 29 employees. Island International Exterior falsely certified that combined with its affiliates, it i.) had 500 or fewer employees; ii.) met the SBA's industry size standards for the industry in which it operates, or iii.) met the SBA's alternative size standard.

49. Bank of America processed and approved Island International Exterior's PPP application in the amount of $1,153,165.00. Relying on Island International Exterior's certifications, Bank of America submitted a PPP loan application compliant with SBA Form 2484 to the SBA certifying that Island International Exterior had certified that it was eligible to receive said PPP loan.

50. On or about April 29, 2020, and relying on Island International Exterior's false certification, the SBA approved and guaranteed the PPP loan and issued Island International Exterior's loan number 1991117302. Bank of America disbursed the PPP loan to Island International Exterior and notified the SBA of such disbursement, at which point the SBA paid Bank of America a processing fee.

51. Island International Exterior applied for forgiveness of its PPP loan by submitting, or causing to be submitted, SBA Form 3508 to the SBA. On or about November 26, 2021, Island International Exterior's PPP loan, plus accrued interest, was forgiven in the amount of $1,171,078.55.

## IX. The Defendants are not Qualified Small Businesses

52. Defendants and other parties are affiliated entities because they control or have the power to control one another, or a third party or parties control or have the power to control the Defendants and other parties.

53. To be eligible small businesses to receive PPP loans, Defendants along with all of its affiliates, had to:

a. have 500 or fewer employees;

b. have $39,500,000.00 or less in total annual receipts pursuant to the applicable SBA industry size standard; or

c. meet the SBA's alternative size standard by having a maximum tangible net worth of not more than $15 million, and an average net income after Federal income taxes of not more than $5 million.

54. The Defendants provide a wide range of architecture, engineering, construction, and manufacturing services.

55. The employee headcount that the Defendants disclosed in connection with their PPP first draw application, without accounting for their other affiliated entities, amounts to 558 employees. However, the amount of Island Enterprises' and Island International Exteriors' loans reveal that the Defendants had more employees than they disclosed.

56. Defendants and their affiliated entities employ more than 500 employees, generate well over $39,500,000.00 in annual revenue, and have a tangible net worth in excess of $15 million and an average net income of more than $5 million.

57. Island was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

58. Island Exterior was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

59. Island Enterprises was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

60. Island International Exterior was not eligible to receive or have forgiven a PPP loan because combined with its affiliates it has more than 500 employees, exceeds the SBA's industry size standards for the industry in which it operates, and exceeds the SBA's alternative size standard.

## X. <u>The False Claims Act</u>

61. The False Claims Act, 31 U.S.C. §§ 3729–3733, is the primary tool with which the United States combats fraud against it. The Supreme Court has held that the False Claims Act's provisions must be construed broadly to reach "all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White*, 390 U.S. 228, 232 (1968).

62. The FCA provides that a person or entity that knowingly presents or causes to be presented a false or fraudulent claim for approval or makes or causes to be made a false or fraudulent claim that is material to a false or fraudulent claim is liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted, plus three times the amount of damages which the United States sustains due to the conduct. 31 U.S.C. § 3729(a); 28

C.F.R. § 85.5(a) (adjusting penalties assessed after January 30, 2023 to a minimum of $13,508 and maximum of $27,018).

63. The terms "knowing" and "knowingly" are defined by the FCA to mean that, with respect to the subject false information, a person has actual knowledge of the falsity, acts in deliberate ignorance of the truth or falsity, or acts in reckless disregard of the truth or falsity, and proof of specific intent to defraud is not required. 31 U.S.C. § 3729(b).

64. As defined in the FCA, the term "claim" means any request or demand for money or property that is presented or caused to be presented to the United States; or that is made to a contractor, grantee, or other recipient, if the money is to be spent or used on behalf of the United States or to advance a United States program or interest, so long as the United States provides or has provided any portion of the subject money or property or will reimburse such contractor, grantee, or other recipient for any portion of the subject money or property. *Id.*

65. The term "material" is defined in the False Claims Act to mean having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. *Id.*

## CAUSES OF ACTION

### Count I: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))

(Island)

66. Relator re-alleges and incorporates in this Count I, Paragraphs 1 through 65 of this *qui tam* Complaint.

67. Defendant Island knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Island was eligible for a PPP loan and to have such PPP loan forgiven.

68. Because of Island's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count II: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Island)

69. Relator re-alleges and incorporates in this Count II, Paragraphs 1 through 65 of this *qui tam* Complaint.

70. Defendant Island knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

71. Because of Island's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count III: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Island)

72. Relator re-alleges and incorporates in this Count III, Paragraphs 1 through 65 of this *qui tam* Complaint.

73. Defendant Island knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

74. Because of Island's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count IV: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Island Exterior)

75. Relator re-alleges and incorporates in this Count IV, Paragraphs 1 through 65 of this *qui tam* Complaint.

76. Defendant Island Exterior knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Island Exterior was eligible for a PPP loan and to have such PPP loan forgiven.

77. Because of Island Exterior's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count V: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Island Exterior)

78. Relator re-alleges and incorporates in this Count V, Paragraphs 1 through 65 of this *qui tam* Complaint.

79. Defendant Island Exterior knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

80. Because of Island Exterior's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VI: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Island Exterior)

81. Relator re-alleges and incorporates in this Count VI, Paragraphs 1 through 65 of this *qui tam* Complaint.

82. Defendant Island Exterior knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

83. Because of Island Exterior's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VII: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Island Enterprises)

84. Relator re-alleges and incorporates in this Count VII, Paragraphs 1 through 65 of this *qui tam* Complaint.

85. Defendant Island Enterprises knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Island Enterprises was eligible for a PPP loan and to have such PPP loan forgiven.

86. Because of Island Enterprises' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count VIII: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Island Enterprises)

87. Relator re-alleges and incorporates in this Count VIII, Paragraphs 1 through 65 of this *qui tam* Complaint.

88. Defendant Island Enterprises knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

89. Because of Island Enterprises' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count IX: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Island Enterprises)

90. Relator re-alleges and incorporates in this Count IX, Paragraphs 1 through 65 of this *qui tam* Complaint.

91. Defendant Island Enterprises knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

92. Because of Island Enterprises' acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count X: False or Fraudulent Claims (31 U.S.C. § 3729(a)(1)(A))**

(Island International Exterior)

93. Relator re-alleges and incorporates in this Count X, Paragraphs 1 through 65 of this *qui tam* Complaint.

94. Defendant Island International Exterior knowingly presented, or caused to be presented, to an officer or employee of the United States government, false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(A), specifically, that Island International Exterior was eligible for a PPP loan and to have such PPP loan forgiven.

95. Because of Island International Exterior's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XI: False Statements (31 U.S.C. § 3729(a)(1)(B))**

(Island International Exterior)

96. Relator re-alleges and incorporates in this Count XI, Paragraphs 1 through 65 of this *qui tam* Complaint.

97. Defendant Island International Exterior knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim, and/or to get the United States to pay or approve false or fraudulent claims, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(B).

98. Because of Island International Exterior's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**Count XII: Reverse False Claims (31 U.S.C. § 3729(a)(1)(G))**

(Island International Exterior)

99. Relator re-alleges and incorporates in this Count XII, Paragraphs 1 through 65 of this *qui tam* Complaint.

100. Defendant Island International Exterior knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the United States, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States, in violation of the FCA, 31 U.S.C. § 3729(a)(l)(G).

101. Because of Island International Exterior's acts, the United States sustained damages in an amount to be determined at trial and, therefore, is entitled to treble damages under the FCA, plus civil penalties of not less than $13,508.00 and not more than $27,018.00 for each violation.

**PRAYER FOR RELIEF**

102. Wherefore, Relator, demands judgment in its favor as follows:

a. Against Defendant Island under Counts I, II, and III under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

b. Against Defendant Island Exterior under Counts IV, V, and VI under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

c. Against Defendant Island Enterprises under Counts VII, VIII, and IX under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper;

d. Against Defendant Island International Exterior under Counts X, XI, and XII under the FCA, for the amount of the United States' damages, trebled as required by law, plus civil penalties in an amount between $13,508.00 and $27,018.00 for each and every false claim as required by law, together with all such further relief may be just and proper; and

e. Such other relief as this Court may deem just and proper, together with interest and costs of this action.

**DEMAND FOR JURY TRIAL**

Relator demands a jury trial as to all issues so triable.

Dated: December 20, 2024

Respectfully submitted,

**ORTEGA GROUP, PLLC**

Dick M. Ortega, Esq.
1108 Ponce de Leon Blvd
Coral Gables, Florida 33134
Telephone: (305) 315-2725
dortega@ortegagroup.law